ABRAHAM SOPHIAN, Appellant, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent.

First Department, November 8, 1918.

Interpleader — time to apply — relief for failure to apply in time.

Where a defendant in a replevin action fails to apply for an order of interpleader before answering, as required by section 820 of the Code of Civil Procedure, no good cause is shown, under section 783 of the Code of Civil Procedure, for relieving him of the consequences of his omission, by a statement that several of the employees of the defendant's attorney are in the military service.

APPEAL by the plaintiff, Abraham Sophian, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of May, 1918, granting defendant's motion for an order of interpleader.

*Louis E. Felix*, for the appellant.

*Eli J. Blair* of counsel [*Platt & Field*, attorneys], for the respondent Fidelity and Deposit Company of Maryland.

*Charles H. Tuttle* of counsel [*Davies, Auerbach & Cornell*, attorneys], for the respondent Columbia Trust Company, as trustee.

MERRELL, J.:

This is an appeal from an order in a replevin action interpleading five parties defendant in the place of the original defendant, Fidelity and Deposit Company of Maryland.

The action is to recover eight $1,000 bonds of the city of New York held by the defendant as collateral security for certain undertakings which it had issued in behalf of one George Hyatt Robinson. The undertakings given by defendant have all been canceled, and the defendant makes no claim whatever to the bonds in question which were deposited with it as collateral security for its several undertakings. As stated by the assistant treasurer of the defendant in one of the moving affidavits, " The defendant has no interest in the said bonds, except to see to it that they are delivered to the person rightfully entitled thereto."

The plaintiff bases his claim to the bonds under an assignment from George Hyatt Robinson, under date of December 1, 1916.

The Columbia Trust Company, one of the respondents, claims to be entitled to the bonds under a trust alleged to have been created by said George Hyatt Robinson.

The complaint in the replevin action was dated March 15, 1917. Defendant answered April 3, 1917, denying that the plaintiff was the owner or entitled to the possession of the bonds in question. Due security was furnished by the plaintiff, and for a considerable period he has been in possession

of the bonds in question. On April 7, 1917, a notice of trial of the action is claimed to have been served by the defendant's attorneys. It is significant that such notice of trial was addressed to the attorneys for numerous of the alleged claimants, among whom were the attorneys for the Columbia Trust Company, one of the respondents herein. While there is no proof that the notice of trial was actually served, it is apparent that the defendant knew all about the alleged claims of the parties at least as early as April 7, 1917.

Interpleader in an action to recover a chattel is governed by section 820 of the Code of Civil Procedure. That section provides that in such an action a defendant may apply for an order of interpleader *at any time before answer*. Concededly, in the case at bar, defendant failed to apply for the order of interpleader before answering, although it made no claim whatever to the bonds in question.

Section 1709 of the Code of Civil Procedure prescribes the way in which a third person desiring to make claim to a replevined chattel may assert such right by filing affidavits while the chattel is in the possession of the sheriff or before it is delivered to the party. Concededly, none of the alleged claimants asserted any claim pursuant to section 1709.

The respondents seek to avail themselves of section 783 of the Code of Civil Procedure to relieve the defendant from its omission to apply for the order of interpleader before answering. Section 783 of the Code provides that, after the expiration of the time within which a pleading must be made, or any other proceeding in an action, after its commencement, must be taken, the court, upon good cause shown, may, in its discretion, and upon such terms as justice requires, relieve the party from the consequences of an omission to do the act and allow it to be done, except as otherwise specially prescribed by law.

I can see no good reason for relieving defendant's failure to ask for an order of interpleader before answering, under the terms of said Code section. The reason stated is, at the most, very vague, being that several of the employees of its attorney are in the military service.

Inasmuch as the defendant has and claims no interest in the bonds replevined, there is no reason why it should be

made the vehicle for numerous claimants to intervene at this late day and endeavor to adjust their various conflicting interests in chattels already replevined and in the possession of the plaintiff. I find in the moving papers no " good cause shown " for relieving the defendant from its failure to ask interpleader before answer. The defendant was merely in possession of a chattel to which the plaintiff made claim, and prior to answering made no effort to interplead any other claimant, nor intimated that others than the plaintiff were claiming the bonds replevined.

No case was made by the moving affidavits for the order of interpleader, and the same, therefore, should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.